UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

---

ACUITY, A MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.

BRANNAN DURHAM and
CEFCO NATIONAL CLAIMS SERVICES, INC.,

    Defendants.

Case No. 25-cv-147

---

# COMPLAINT

---

Plaintiff Acuity, A Mutual Insurance Company, for its complaint against the above-named defendants, states:

## PARTIES

1. Plaintiff Acuity, A Mutual Insurance Company ("Acuity") is a foreign company incorporated under the laws of Wisconsin. Its principal place of business where its officers and directors control the company's operations is located at 2800 South Taylor Drive, Sheboygan, Wisconsin.

2. Defendant Brannan Durham ("Durham") is an adult resident of the State of Alabama residing at 108 Houston Street, Mobile, Alabama.

3. Defendant Cefco National Claims Services, Inc., ("Cefco") is a domestic corporation incorporated under the laws of Alabama. Its principal place of business where its officers and directors control the company's operations is located at 2928 N. McVay Drive, Mobile, Alabama.

## JURISDICTION AND VENUE

4. The amount in controversy is over $75,000.00.

5. The court has subject matter jurisdiction over this matter under 28 U.S.C. §1332 because the plaintiff is a citizen of, and domesticated in, a state (Wisconsin) diverse from the state in which all defendants reside, are domesticated and incorporated (Alabama).

6. This court has personal jurisdiction over the defendants because they have purposefully availed itself to the benefit of the laws of this judicial district by residing and regularly transacting and/or conducting business in the State of Alabama.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because all defendants reside in the judicial district.

## FACTS

8. On January 10, 2023, IBP employee Hunter Oachs ("Oachs," not a party to this lawsuit) was operating a Kenworth semi truck owned by IBP ("the semi"). Oachs was heading Westbound on Highway 23 in Brook Park, Minnesota.

9. At the same time, Durham was operating his Jeep Gladiator Mojave ("the Jeep"), heading southbound on Brook Park Road approaching Highway 23.

10. Durham failed to stop at a stop sign and entered Highway 23 in front of the semi.

11. The semi struck the front of the Jeep. After striking the Jeep, the semi continued forward until it crashed into a ditch on the south side of the intersection.

12. The accident caused $325,772.80 in damages to the semi.

13. At the time of the accident, Acuity had issued to IBP, and there was in full force and effect, a policy of insurance that insured IBP against the damages caused by the accident. As required

by, and pursuant to, its policy, Acuity paid to, or on behalf of, IBP for the damages caused by the accident, less any applicable deductible, and is subrogated to the rights of IBP to the extent of its payments.

### FIRST CAUSE OF ACTION: NEGLIGENCE AGAINST BRANNAN DURHAM

14. Acuity incorporates the preceding paragraphs herein by reference.

15. Durham owed Oachs and IBP a duty to use reasonable care when driving the Jeep.

16. Durham breached his duty in the following ways:

    a. By failing to stop at the stop sign;

    b. By failing you yield the right of way to Oachs;

    c. By failing to operate the Jeep at a safe and proper speed for the given conditions;

    d. By failing to keep control of the Jeep; and

    e. By failing to keep a proper lookout for oncoming traffic.

17. Durham's breach of his duty was negligent and was the cause of the accident and resulting damages paid by Acuity.

### SECOND CAUSE OF ACTION: VICARIOUS LIABILITY OF CEFCO

18. Acuity incorporates the preceding paragraphs herein by reference.

19. At the time of the accident, Durham was an employee of Cefco.

20. The sole reason Durham was in Minnesota at the time of the accident was to perform claim adjusting services for Cefco.

21. At the time of the accident, Durham was traveling to perform services for Cefco as part of his *bone fide* job responsibilities.

22. Cefco furnished Durham travel expenses, including gasoline and/or per mile reimbursement, that Durham was incurring during his trip to Minnesota.

23. Durham's trip to Minnesota provided Cefco with direct and incidental benefits. Cefco charged its clients for the work performed by Durham during his trip to Minnesota.

24. Durham's trip to Minnesota was a special errand either as part of his regular duties or at a specific order or request of Cefco.

25. Durham's travel from Alabama to Minnesota falls within the scope of the Fair Labor Standards Act, which provides, at 29 CFR § 785.39:

> Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days.

26. The accident occurred within the scope of Cefco's employment of Durham, while Durham was accomplishing objectives within the line of his claim adjustment duties, and for the benefit of Cefco.

27. Under Alabama law, Cefco is vicariously liable for the damages caused by Durham as a result of the accident.

**WHEREFORE**, for the foregoing reasons, Acuity, A Mutual Insurance Company demands judgment against Brannan Durham and Cefco National Claims Services, Inc., jointly and severally, in an amount to be determined at trial, together with costs, disbursements, attorney fees and whatever other relief the Court deems appropriate.

Dated: April 10, 2025.

        RON HARMEYER LAW OFFICE LLC
        Attorneys for Plaintiff Acuity, A Mutual
        Insurance Company


        *s/Ronald W. Harmeyer*
        Ronald W. Harmeyer
        Wisconsin State Bar No. 1026579

330 E. Kilbourn Avenue, Suite 1070
Milwaukee, Wisconsin 53202
Tel. (414) 316.2500
Fax (414) 755.7081
rharmeyer@ronharmeyerlaw.com